UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VERSIE C. MCCLAY CHATMAN,  )<br>    Plaintiff,                          )<br>                                         )<br>      v.                             )<br>                                         )<br>CRISIS CENTER, INC., *et al.*,     )<br>    Defendants.                    )   | CAUSE NO.: 2:21-CV-397-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [DE 32], filed on June 21, 2022. Defendant Crisis Center, Inc., the sole remaining defendant, seeks dismissal of Counts III and IV. Plaintiff, who is proceeding *pro se*, filed both a response brief and Plaintiff's Motion to Deny Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [DE 37] on August 8, 2022, and Defendant filed its reply on August 9, 2022.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.    Background**

Plaintiff filed this lawsuit on November 22, 2021. In her Second Amended Complaint, filed May 27, 2022, Plaintiff alleges that Defendant took her off the work schedule, in effect terminating her employment, as discrimination against her on the basis of her age (Count 1), and that she was subject to retaliation (Count II), harassment (Count III), and a hostile work environment (Count IV). The other Defendants, who were individual co-workers and supervisors, were dismissed by

this Court in a May 12, 2022, Order [DE 28]. On June 21, 2022, Defendant filed the instant motion dismiss Count III and Count IV.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations

2

that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. Undisputed Facts[1]

Plaintiff was employed by Crisis Center, Inc., from June 19, 2019, until April 26, 2021, as a part time Residential Staff worker; she also performed duties as a driver and a teacher in the e-learning classroom. Plaintiff requested a limited number of work hours in order to not exceed social security disability income limitations. In April 2021, Plaintiff was advised by social security that her disability payments would cease as a result of her income. Plaintiff advised Crisis Center, and thereafter was taken off the regular work schedule, and, she alleges, subjected to increased scrutiny and retaliated against. On April 25, 2021, when Plaintiff was scheduled as back up, rather than working a shift, she was unable to cover a request that she work. After Plaintiff did not work on April 25, 2021, she alleges she was removed from both regular and back schedules, as retaliation.

Plaintiff also reported a co-worker for sleeping and asked management to keep her report confidential. A different co-worker criticized Plaintiff for reporting the sleeping co-worker. After

---

[1] For purposes of this Motion to Dismiss, the Court treats the facts as undisputed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Plaintiff reported the co-worker's text and phone messaging on April 26, 2021, management indicated to Plaintiff that a meeting would be scheduled to address Plaintiff's concerns. No meeting was held.

Plaintiff filed a charge of discrimination with the Gary Human Relations Commission on May 12, 2021, in which she identified the discrimination as based on Race, Sex, Retaliation, Age, and Disability. Pl. Comp. [DE 30-2]. The substance of her claims was that she was taken off the schedule entirely after she was unable to come in to work on April 25, 2021. She was issued a dismissal and notice of rights on October 7, 2021.

### IV.     Analysis

Defendant moves to dismiss Counts III and IV for harassment and hostile work environment, arguing that Plaintiff failed to exhaust her administrative remedies by not including those claims in her charge of discrimination filed with the Gary Human Rights Commission, and that Plaintiff's Second Amended Complaint fails to allege facts showing that any harassment or hostile work environment were as a result of her membership in any protected class. Plaintiff argues that her status as a member of a protected class was the cause of the harassment and hostile work environment but does not address the exhaustion of remedies argument.

Plaintiff claims that she was harassed and subjected to a hostile work environment for reporting a co-worker sleeping and for failing to work on a day when she was scheduled as backup after she explained to her employer that she received social security disability benefits that limited the number of hours she could work.

Title VII and the ADA require that a complaining employee must file their charges administratively before bringing a federal suit. 42 U.S.C. § 2000e-5. Defendant argues that

Plaintiff has failed to exhaust her administrative remedies for the retaliation and hostile work environment claims because neither was brought before the Gary Human Rights Commission in Plaintiff's charge of discrimination. *See Beal v. Muncie Sanitary Dist.,* No. 1:19-cv-01506-TWP-TAB, 2020 U.S. Dist. LEXIS 196381, at *18-19 (S.D. Ind. Oct. 22, 2020) ("[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised.") (quoting *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018)). Plaintiff argues that her claims are actionable because the underlying harassment is based on her membership in a protected class and on her having engaged in protected behavior.

In both Counts III and IV, Plaintiff incorporates all of her factual allegations related to both of those incidents. In Count III, Plaintiff then states:

> 91. Lynda Brown Allen, Residential Staff made belittling comments that were not true, and ridiculed Plaintiff Lynda Brown Allen created a hostile environment, and harassed Plaintiff, along with Crisis Center, Inc. Management, Athena Soleim. While the harassment did not directly result in disciple [sic], however plaintiff suffered lost opportunities and was terminated by being eliminated from the schedule.
>
> 92. Crisis Center, Inc. management Athena Soleim, never addressed the harassment. Crisis Center, Inc. management Athena Soleim merely tool Plaintiff off the scheduled [sic] and/or terminated Plaintiff.

Plaintiff's charge of discrimination filed with the Gary Human Rights Commission states:

> On Sunday April 25, 2021, Jennifer Moser (Caucasian) called me to ask me to come in for 2 hours, I informed Jennifer that I could not come in because Sunday was not one of my scheduled days. Athena called me at 11:13 p.m. to relieve Jennifer, when I did not come in Athena took me off the schedule.
>
> Since Plaintiff's charge of discrimination only includes her refusal to work on April 25,

2021, and subsequent removal from the schedule, she has failed to exhaust her administrative remedies for any allegation of coworker harassment and the attendant hostile work environment claim. To the extent that Plaintiff is asserting that she was removed from the schedule because of her status in a protected class, she has exhausted her administrative remedies. It appears that the scheduling concerns are part of Counts I and II for Age Discrimination and Retaliation, but they are not included in Counts III and IV. Plaintiff therefore has not exhausted her administrative remedies and has not satisfied the statutory requirements which would permit her to bring a suit for the claims in Counts III and IV that she was harassed or subjected to a hostile work environment because of her status as a member of a protected class.

Because Counts III and IV are being dismissed for a failure to exhaust her administrative remedies, this Court need not address Defendant's alternative basis for dismissal: whether the substantive allegations assert that the harassment or hostile work environment were based on Plaintiff's membership in a protected class.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [DE 32], **DISMISSES** Counts III and IV, and **DENIES** Plaintiff's Motion to Deny Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint [DE 37]. Defendant's deadline to file its answer to Counts I and II is **September 9, 2022**.

SO ORDERED this 11th day of August, 2022.

s/ John E. Martin                           
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record, Plaintiff, *pro se*